STATE OF MAINE                                    UNIFIED CRIMINAL DOCKET
WASHINGTON,ss                                     LOCATION: MACHIAS
                                                  DOCKET: WASCD-CR-17-332


STATE OF MAINE                          )
                                        )
                                        )
                                        )
vs.                                     )         ORDER AND DECISION
                                        )
                                        )
                                        )
AARON GETCHELL                          )
            Defendant                   )


By a Complaint dated July 26, 2017, the Defendant, Aaron Getchell, has been charged with

Harassment by Telephone, 17-A, M.R.S.A. § 506(1)(A).[1] A jury waived trial was held May 26,

2018, at which testimony was received from Officer Timothy Mace of the Washington County

Sheriff's Office and from the alleged victim, Desiree Greenier. Also admitted into evidence was

State Exhibit 1, a printout of the screenshots of Facebook Messenger messages exchanged

between the Defendant and Ms. Greenier on the dates of July 19, 2017 through July 23, 2017,

and Exhibit 2, a CD with a clearer image of the screenshot of the messages sent July 23, 2017

which include the picture of male genitals.


## FACTS

Sometime prior to mid-July 2017, Desiree Greenier was introduced to the Defendant by her

friend, Destiny. This brief introduction was the sole time Ms. Greenier had any in-person or

---

[1] The complaint was amended without objection at the commencement of the hearing to clarify the period of the alleged conduct and to include reference to "electronic communication device."

1

voice communication with the Defendant. Ms. Greenier, who turned 15 on July 18, 2017, did not know Defendant's age but recognized him as older, as an adult. [2]In mid-July 2017 Ms. Greenier received a Facebook Messenger message from Defendant in which he asked why her friend Destiny had "blocked" him on Facebook. Ms. Greenier responded that she did not know why. Ms. Greenier and Defendant had no further communication of any kind with one another until July 19, 2017.

On Wednesday, July 19, 2017 commencing at 11:41PM, Defendant sent to Ms. Greenier via Messenger a message "Hey" "What are you up too". (See State's Exhibit 1). Defendant then attempted to telephone Ms. Greenier at 11:43 PM but she did not answer. Defendant messaged her again asking "No answer?", and then he attempted to telephone her again at 11:48 PM, but Ms. Greeneir did not respond to the message and did not answer the phone call.

On Thursday, July 20, at 11:37 PM Defendant again messaged Ms. Greenier "Hey", "You there". Ms. Greenier did not respond. At 11:50 PM and again at 11:52 PM Defendant attempted to telephone Ms. Greenier, but she did not answer either call. Defendant then sent Ms. Greenier additional messages, "???", "It will be fun I promise", and "Ok you're ignoring me" and also sent a picture of what appear to be the boards or planks of a deck. Ms. Greenier then did respond with "Yes?".[3] Ms.Greenier testified her response of "Yes?' was her way of asking "what do you want?". Defendant then messaged her "What ya doing", "Add me on Snapchat", "Guessing I'm

---

[2] Per the Complaint, Defendant was born August 25, 1982.
[3] In Exhibit 1, on the response "Yes?" there is a smiley face emogi which the court was informed is a form of a response made by Defendant.

to old not cool enough", and "????". Defendant then tried to call her at 12:03 AM, (it now being Friday, July 21, 2017). Ms. Greenier did not answer or respond, and Defendant messaged again "Geez ignore me that quick", and "You wanna see a dick pic??". Ms. Greenier did not respond but testified she understood the message to be asking her if she wanted to see a picture of Defendant's penis. Defendant attempted to telephone her again at 12:06 AM, and Ms. Greenier again did not answer. Defendant messaged again "Ok I'll leave ya alone" but also messaged "It's big......", which she understood as a reference to his penis. Ms. Greenier did not respond. Defendant then attempted to telephone her two more times, at 12:08 AM and at 12:13 AM. Ms.Greenier did not answer or respond to either call. Defendant messaged Ms. Greenier again, "Yes and the ignore thanks" and sent her a picture of what is seen as a blank screen. Ms.Greenier then did respond, "I'm trying to sleep". She testified this was a "nice way" of asking the Defendant to leave her alone. Defendant responded "Ok sorry".

The next communication was on Sunday, July 23, 2017 at 10:29 PM when Defendant messaged Ms. Greenier "Can you chat with me" and "Geez you must be sleeping again". Ms Greenier did not respond. A few minutes later at 10:33 PM Defendant attempted to telephone Ms. Greenier but she did not respond. Defendant then sent another message, "I'll show you something interesting if your there". Again no response. Defendant then sent Ms. Greenier a picture exposing a penis. (See Exhibit 2). Ms. Greenier did not respond. Ms. Greenier never "blocked" Defendant from messaging her but did stop opening the messages.

Ms. Greenier testified she was offended by the picture containing a male penis and stated "It bothered her a little". She also testified she has in the past randomly received from peers pictures of a male penis, that such pictures are commonly known as "dick pics" and that she found them disgusting. Ms. Greenier's testimony left the court with the impression she disliked receiving such unsolicited pictures and found them offensive. She also testified to understanding the term "dick" can be used in other ways including describing males, and that she has the used the term herself in that manner.

## DISCUSSION

The Defendant has been charged with the Class E crime of Harassment by Telephone pursuant to 17-A, M.R.S.A. § 506(1)(A), which states:.

> A person is guilty of harassment by telephone or by electronic communication device if:
> A. By means of telephone or electronic communication device the person makes any comment, request, suggestion or proposal that is, in fact, offensively coarse or obscene, without the consent of the person called or contacted;

Therefore, to convict the Defendant of this charge, the State must prove beyond a reasonable doubt each of the following elements:

-by means of telephone or electronic communication device,

-the Defendant made to Ms. Greenier a comment, request, suggestion or proposal,

-that was, in fact, offensively coarse or obscene, and

-that Ms. Greenier had not consented to the comment, request, suggestion or proposal.

4

Addressing the elements as listed above, the court first finds that Defendant communicated with Ms. Greenier via Facebook Messenger and therefore his communications to her were by means of telephone or electronic communication device. And specifically regarding his message to her in the early morning of July 21, 2017 "You wanna see a dick pic??", the court finds the message is a proposal satisfying the above listed second element of Section 506(1)(A). And Defendant's subsequent message "It's big...." is a comment specifically describing his proposal, further satisfying that element of the statute.

The next issue and primary question for the Court to address is whether the Defendant's proposal and comment was offensively coarse or obscene. Neither coarse nor obscene are defined within the statute. By any standard Merriam-Webster dictionary, coarse means crude or unrefined in taste, manners or language, and its synonyms include rude, crude, crass, vulgar, gross and unrefined. (See, for example, Webster's Seventh New Collegiate Dictionary (1967) and Roget's College Thesaurus(1962)).

Although the term *obscene* is not defined, *obscene matter* has been assigned a working definition within jurisprudence. As both counsel have referred, the United States Supreme Court has set the following test to determine if something is obscene:

> (a) whether "the average person, applying contemporary community standards" would find that the work, taken as a whole, appeals to the prurient interest; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. *Miller v. California*, 413 U.S. 15, 24 (1973).

A similar definition is used in Maine's Obscenity Statute, 17, M.R.S. § 2911(1)(D):

"Obscene matter" means matter which:

**(1)** To the average individual, applying contemporary community standards, with respect to what is suitable material for minors, considered as a whole, appeals to the prurient interest;

**(2)** Depicts or describes, in a patently offensive manner, ultimate sexual acts, excretory functions, masturbation or lewd exhibition of the genitals; and

**(3)** Considered as a whole, lacks serious literary, artistic, political or scientific value.

Before applying those tests to the case at hand, the Court notes that within the statute, both *coarse* and *obscene* are described by the term *offensively.* Offensive generally means obnoxious, insulting, or affronting. (See Webster's Seventh New Collegiate Dictionary (1967)).

In this case, the Defendant, an adult male in his mid-thirties, unsolicitedly sent a message to a 15 year old female with whom he had no prior meaningful friendship or relationship, other than a very casual introduction, with a proposal to show her his genitals, with the additional comment describing his genitals as large. The court finds that this conduct is offensively coarse. The Defendant barely knew this young lady. He began messaging her late at night. And it cannot be said Ms. Greenier consented, which is important to assessing the context of the messages.

Over two consecutive evenings, Defendant sent Ms. Greenier eight messages, one photograph of decking planks, and attempted to call her five times before she responded with a one-word message, "Yes?". That is interpreted, as Ms. Greenier testified, to mean *what do you want?,* but in a non-inviting way. Defendant promptly sent her four more messages, and attempted to call her again, but when she didn't answer, he messaged again, "Geez ignore me that quick". From that statement by the Defendant it can be inferred Defendant knew Ms. Greenier was not receptive to his communications. Yet, he then sent the message proposing to show her his genitals, "You wanna see a dick pic??". There was no response from Ms. Greenier, so Defendant

attempted to call her again, his fifth attempt that evening, and Ms. Greenier again did not answer. Not deterred, Defendant messaged again, "Ok I'll leave ya alone". But he didn't leave her alone, he then messaged the comment describing his genitals, "It's big......". Still receiving no response from Ms. Greenier, Defendant attempted to call her two more times in the span of five minutes, then messaged her again, then sent a blank photo. Finally, Ms. Greenier responded with "I'm trying to sleep". Her response was clearly a rebuke to Defendant's efforts.

The point being, Ms. Greenier was not receptive or responsive to Defendant's communications. She never encouraged or acquiesced to him messaging her, and her silence should have deterred and discouraged his efforts.[4] It is within this context, in addition to the fact that Defendant was twenty years older than Ms. Greenier who was only 15, and they barely knew each other that his proposal to show her his genitals must be examined. In this context, the court finds his proposal *offensively coarse*-it was rude, crass, crude, vulgar and gross, and in the context made to the recipient, Ms. Greenier, it was offensive- it was affronting.

The State need not prove the proposal was both coarse and obscene, and although the Court has found the proposal to be offensively coarse, it will none the less address whether it was also obscene. Being obscene is agreeably a more difficult question. To begin with, thus far the Court's analysis has focused on the *words* the Defendant messaged to Ms. Greenier. Ultimately, two evenings later Defendant again unsolicitedly messaged and attempted to call Ms. Greenier, and again she did not respond. He then messaged "I'll show you something interesting if your there". But not waiting to for her to respond whether she was "there" or receptive to his proposal,

---

[4] From these finding, the Court also finds that Ms. Greenier did not consent.

Defendant sent her a photograph exposing his genitals. But the quality, focus and the sharpness of the photograph is generally poor and the male genitals shown in the image are difficult to discern. (See Exhibit 2).

Again, considering the photograph in the entire context of the communications, the Court can find that both the first and third prong of the *Miller* test (similar to Maine's statute defining obscene matter) are met. In the context of this case, the photograph was made and delivered for Defendant's prurient interests, and it lacked any serious literary, artistic, political, or scientific value. But the second prong is more difficult. The quality of the photograph is so poor and the image is so difficult to discern that the court cannot find beyond a reasonable doubt that it depicts in a patently offensive way a sexual act or a lewd exhibition of the genitals. Hence, sending of the image shown in Exhibit 2 is not directly violative of the statute applicable at the time of this case, although it clearly adds context to the meaning of Defendant's earlier message in which he proposed to show her a "dick pic" and which the court has found to be offensively coarse.[5] There can be no doubt, Defendant was proposing and intent upon showing Ms. Greenier his penis. Accordingly, although the Court does not find that Defendant sending Ms. Greenier the particular image of his penis as seen in Exhibit 2 by itself is violative of the law under consideration, it adds context to his messages in which he proposed "You wanna see a dick pic??", "It's big....". It is those messages which the Court finds to be offensively coarse.

Finally, as the Court has already found, Ms. Greenier did not consent. See Footnote #4.

---

[5] In this last Legislative session, amendments were made to 17-A, M.R.S. § 506 pursuant to which sending an image of one's genitals to another who was 14 or 15 years old and at least 5 years younger than the actor with the intent to cause affront or alarm or for arousing or gratifying sexual desire is a Class E crime; see S.P. 690- L.D. 1838.

In summary, the Court finds that the State has proven beyond a reasonable doubt that the Defendant, by means of an electronic communication device, made a proposal and comment to Ms. Greenier, the victim herein, that was offensively coarse, and that Ms. Greenier had not consented to such communications. Accordingly, the Court finds the Defendant GUILTY of the Class E crime of Harassment by Telephone or Electronic Communication Device, 17-A, M.R.S. §506(1)(A).

Dated: _____, 2018

_____
Justice, Superior Court